| | |
|---|---|
| United States Department of Justice<br>Office of the United States Trustee<br>74 Chapel Street, Suite 200<br>Albany, NY 12207<br>Kevin Purcell, Trial Attorney<br>(518) 434-4553 | Hearing Date: March 5, 2014 at 10:30 AM<br>Objection Date: February 26, 2014 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION
----------------------------------------------------------X

*In re:*                                                                                       Case No.: 13-12544

**L&A Automotive Center, Inc.,**                                           Chapter 11

       *Debtor.*
----------------------------------------------------------X

**United States Trustee's
Motion to Convert Case to Chapter 7,
Or in the Alternative, to Dismiss Case**

TO:    HON. ROBERT E. LITTLEFIELD, JR.,
         CHIEF UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, in furtherance of certain duties and responsibilities, pursuant to 28 U.S.C. § 586(a)(3) and (5), respectfully moves this Court for an order to convert this case to a case under chapter 7, or in the alternative, to dismiss this chapter 11 case pursuant to 11 U.S.C. § 1112(b)(4) for "cause" including failure to file monthly operating reports. A hearing on the motion is scheduled for the **5th day of March 2014 at 10:30 AM**.

In support of this motion, the United States Trustee respectfully represents and alleges as follows:

**Statement of Facts**

    1.    L&A Automotive Center, Inc. ("Debtor") commenced this Chapter 11 proceeding by filing a voluntary petition under chapter 11 on October 16, 2013 (Doc. No. 1).

2. The Debtor is represented by Barbaruolo & Weiskopf, P.C., who sought appointment, pursuant to 11 U.S.C. § 327(a) on February 5, 2014 (Doc. No. 14). The United States Trustee has objected to the *nunc pro tunc* appointment sought in that application.

3. On October 17, 2013, the Court entered an Order Directing Duties of Debtor in Possession ("Order on Debtor's Duties") (Doc. No. 7).

4. The Debtor owns one parcel of commercial real estate where it conducts business selling used vehicles, performing routine maintenance, auto body work, and towing. The Debtor values the real estate at $450,000 on Schedule A. On Schedule D, the Debtor lists three secured creditors with liens totaling $196,000. Based on these figures, the Debtor has over $250,000 in equity in the real property.

5. The Debtor is a "small business debtor" as defined in 11 U.S.C. § 101(51D). *See* Amended Voluntary Petition (Doc. No. 13) filed November 25, 2013. Since that date, the Debtor has failed to file any of the documents required by 11 U.S.C. § 1116(1)(A), specifically its "most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return."

6. On December 20, 2013 and again on January 17, 2014, the United States Trustee wrote to the Debtor's attorney and requested:

    a. Amended Schedule B
    b. Operating Reports for October and November
    c. Updated insurance policies
    d. Financial and banking documents requested on October 24, 2013, prior to the Initial Debtor Interview. This request included:
        (i). A recent financial statement, a balance sheet as of the date of filing,
        (ii). The last two filed tax returns (both New York State and Federal),
        (iii). A 90-Day Pre-Petition Check Register,
        (iv). A voided Debtor-in-Possession check, and
        (v). The Declaration of Pre-Petition Bank Account Closing form.

7.  In response, the Debtor submitted updated insurance policies but nothing else.

8.  The Debtor has failed to file monthly operating reports since the case was filed.

9.  The Debtor has not moved pursuant to 11 U.S.C. § 363(b) for the sale of its real property or other assets.

10. The Debtor has not filed a disclosure statement and plan.

11. The Debtor has made no payments of quarterly fees, which are due pursuant to 28 U.S.C. § 1930(a)(6).

## Argument

The United States Trustee respectfully requests that this case be converted to chapter 7 or dismissed pursuant to 11 U.S.C. § 1112(b)(4)(F) and (K).

**A. Statutory Standards**

Section 1112(b) of the Bankruptcy Code provides that the Court may dismiss a Chapter 11 case or convert it to a case under Chapter 7[1], depending upon which is in the best interest of creditors and the estate upon a showing by the movant of "cause."  Section 1112(b) lists a number of non-exclusive factors that may be "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety.  *See* 11 U.S.C. § 1112(b)(4).

Among other things, "cause" includes:[2]

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> ∗∗∗
> (K) failure to pay any fees or charges required under chapter 123 of title 28.

---

[1] Subject to the "unusual circumstances" defined by 11 U.S.C. § 1112(b)(2).
[2] The terms "includes" and "including" are not limiting.  See 11 U.S.C. § 102(3).

3

Bankruptcy courts have discretion in deciding whether to dismiss or convert a Chapter 11 case. *In re FRGR Managing Member LLC,* 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009); *In re State St. Assocs., L.P.,* 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006); *In re TCR of Denver, LLC,* 338 B.R. 494, 500-01 (Bankr. D. Col. 2006); *In re Tornheim,* 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995), appeal dismissed, 1996 WL 79333 (S.D.N.Y., Feb. 23, 1996).

While the burden of demonstrating cause rests with the moving party, that burden can be met by demonstrating the existence of one or more of the statutory grounds enumerated in Section 1112(b) or by showing other cause. **FRGR,** 419 B.R. at 580; **TCR,** 338 B.R. at 500 (reasoning that 2005 amendment retained the prefatory language "includes" in setting forth its illustrations of "cause"); *State St.,* 348 B.R. at 639 n. 24 (while the list of examples of cause has changed in the 2005 amendment, the list is illustrative, not exhaustive).

**B.  Cause Exists to Convert or Dismiss this Case**

    1.  <u>Monthly Operating Reports</u>

Cause also exists to convert or dismiss this case, pursuant to 11 U.S.C. § 1112(b)(4)(F) because there has been an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

The Debtor has failed to file any monthly operating reports since the commencement of this case. Failure to timely file monthly operating reports is a violation of the Court's Order on Debtor's Duties and is a separate ground for conversion or dismissal, pursuant to 11 U.S.C. § 1112(b)(4)(E).

Failure to timely file monthly operating reports also prevents the Court and all parties in interest from knowing if the Debtor timely paid post-filing obligations, such as employment or real estate taxes. Failure to pay post-filing taxes is a separate ground for conversion or dismissal, pursuant to 11 U.S.C. § 1112(b)(4)(I).

4

2. <u>Failure to Pay Quarterly Fees</u>

Cause also exists to convert or dismiss this case, pursuant to 11 U.S.C. § 1112(b)(4)(K) because the Debtor has failed "to pay any fees or charges required under chapter 123 of title 28." The Debtor has not paid any quarterly fees since the commencement of this case. Nonpayment may result in the application of additional interest to the amount due pursuant to 31 U.S.C. § 3717.

3. <u>Additional Cause</u>

Cause also exists to convert dismiss this case, pursuant to 11 U.S.C. § 1112(b)(1) "for cause" because the Debtor has failed to comply with 11 U.S.C. § 1116(1)(A) by failing to file the documents required by that section. Moreover, as explained above, the Debtor failed to fully respond to the United States Trustee's document requests, pursuant to 11 U.S.C. §§ 704(a)(8) and 1106(a)(1).

## Conclusion

The United States Trustee has demonstrated several grounds for conversion or dismissal of this case, any one of which could be sufficient to establish cause pursuant to 11 U.S.C. § 1112(b). Section 1112(b)(1) leaves it to the Court to decide if the "best interests of the creditors and the estate" will be served by either conversion or dismissal of the case.

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court find that cause exists to support an order converting the case to a case under

Chapter 7, or in the alternative, dismissing the case under 11 U.S.C. §§ 1112(b)(1) and (4), and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      February 10, 2014

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2

By:    /s/   Kevin Purcell
Kevin Purcell
Trial Attorney
74 Chapel Street - Suite 200
Albany, NY 12207
Voice: (518) 434-4553
Fax:   (518) 434-4459
Email: kevin.j.purcell@usdoj.gov