United States Department of Justice
Office of the United States Trustee
74 Chapel Street, Suite 200
Albany, NY 12207
Kevin Purcell, Trial Attorney
(518) 434-4553

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION
---------------------------------------------------------X
*In re:*                                                                 Case No.: 13-12544

**L&A Automotive Center, Inc.,**                          Chapter 11

       *Debtor.*
---------------------------------------------------------X

**United States Trustee's Limited Objection to the
Debtor's Application for Order Authorizing
Barbaruolo & Weiskopf, PC to Act as Attorneys for the Estate**

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),

in furtherance of certain duties and responsibilities, stated in 28 U.S.C. § 586(a)(3) and (5),

submits this objection to the application by L&A Automotive Center, Inc., ("Debtor") seeking an

Order Authorizing Barbaruolo & Weiskopf, PC ("Applicant") to Act as Attorneys for the Estate,

(Doc. No. 14) ("Application"). The Applicant seeks *nunc pro tunc* appointment back to the date

of filing, October 16, 2013.

      In support of this objection, the United States Trustee respectfully represents and alleges

as follows:

### I.    INTRODUCTION

      The United States Trustee objects to the Application for *nunc pro tunc* appointment

because it presents no facts supporting a finding of "extraordinary circumstances" which is

1

required in the Second Circuit to support *nunc pro tunc* appointment back to the date of filing. *In re Keren, LP,* 189 F.3d 86 (2d Cir. 1999). The United States Trustee has no objection to the appointment of proposed counsel as of the date the Application was filed.

If the Court denies *nunc pro tunc* appointment, then the Applicant cannot be paid for post-petition services prior to the date of appointment. *See Lamie v. United States Trustee,* 540 U.S. 526, 124 S.Ct. 1023 (2004) (holding that unless professional is employed by trustee with approval of bankruptcy court, professional cannot be paid from estate). Court approval must be obtained prior to the professional services are performed. "Only in this way can claims be avoided for volunteered services which may or may not have been such as what would have [been] authorized." *In re Northeast Dairy Co-op. Federation, Inc.,* 74 B.R. 149, 154 (Bankr. N.D.N.Y. 1987) *quoting In re Eureka Upholstering Co., Inc.,* 48 F.2d 95, 96 (2d Cir. 1931).

Even if the Court were to find a basis to grant *nunc pro tunc* appointment, there is an additional reason why the requested appointment should be denied. Local Bankruptcy Rule ("LBR") 2014-1(a)(1)(D) requires that the source of the retainer held be disclosed. Although the amounts are adequately stated, the Applicant fails to reveal the source of the retainer. Further, the Applicant failed to submit the "written retainer agreement" as an exhibit, as required by LBR 2014-1(a)(1).

## II.    FACTS

1. On October 16, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On February 5, 2014, the Debtor's proposed attorney filed the Application. The Application does not expressly request *nunc pro tunc* appointment. A careful review of the

2

proposed order, however, reveals that in the proposed order the Applicant seeks to have its appointment "effective October 16, 2013."

### III.    ARGUMENT

3. Controlling case law in this circuit requires a demonstration of "extraordinary circumstances" as a basis for granting *nunc pro tunc* appointment of professionals. *In re Keren Limited Partnership,* 189 F.3d 86 (2d Cir. 1999) (holding that *nunc pro tunc* approval should only be granted in narrow situations and requires the Court to find that: (i) the application would have been granted if it had been timely filed; and (ii) the delay in seeking court approval resulted from extraordinary circumstances).

4. For appointment under 11 U.S.C. § 327(a), the Applicant has to show that it is both "disinterested" as defined in 11 U.S.C. § 101(14) and that it holds "no interest adverse to the estate."

5. The Applicant has failed to state the source of the retainer received. LBR 2014-1(a)(1)(D). Without that element shown, the Applicant cannot claim to be "disinterested" as defined in 11 U.S.C. § 101(14) or that the Applicant holds "no interest adverse to the estate." The Applicant therefore, has failed to satisfy the requirement of proving the Application would have been approved had it been timely granted.

6. The Application is silent regarding what, if any, "extraordinary circumstances" led to the delay in filing. The Applicant, therefore, failed to meet the second prong of *Keren*.

7. Because the Application fails both prongs of the *Keren* test, the Applicant has failed to meet its burden and *nunc pro tunc* appointment should be denied.

### IV.    CONCLUSION

The Application is defective because the Applicant failed to satisfy the two-prong test stated by the Second Circuit in *In re Keren* to support the request for *tunc pro tunc* appointment. Without Court approval of the appointment *nunc pro tunc*, the Applicant cannot be paid by the bankruptcy estate for services rendered prior to appointment. The United States Trustee is not opposed to the Applicant filing a supplemental disclosure regarding the source of its retainer.

**WHEREFORE,** the United States Trustee requests that the Court deny the Application, together with any other and further relief the Court may deem just and proper.

DATED:    February 10, 2014
Albany, New York

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
REGION 2

    /s/   Kevin Purcell
Kevin Purcell
Trial Attorney
74 Chapel Street, Suite 200
Albany, New York 12207
(518) 434-4553
(518) 434-4459