B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
_____District of _____

In re L & A Automotive Center, Inc.,          Case  No. 13-12544
Debtor

                                              Small Business Case under Chapter 11

## L & a AUTOMOTIVE CENTER, INC.'S PLAN OF REORGANIZATION, DATED JUNE 3, 2014

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of  L & A Automotive Center,  Inc. (the "Debtor") from  A N infusion of capital, cash  flow from operations and future income**.**

This Plan provides one class of secured claims, one class of unsecured claims; and one class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims to the extent permitted by the claimant's agreement,  from revenues or  infusion of capital, whichever shall first occur.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01     Class 1.          All allowed claims entitled to priority under § 507 of the Code and priority tax claims under § 507(a)(8)).

2.02     Class 2.          The claims of The County of Schenectady and Long Oil Heat, to the extent allowed as a secured claim under § 506 of the Code.

**B25A (Official Form 25A) (12/11) - Cont.**                                                    2

2.03    <u>Class 3</u>.          All unsecured claims allowed under § 502 of the Code.

2.04    <u>Class 4</u> .         Equity interests of the Debtor.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

3.1      <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.2      <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3      <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid over 48 months with interest as provided in 11 USC §1129 (a)(9)(C).

3.4      <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

B25A (Official Form 25A) (12/11) - Cont.                                                                    3

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired | Payments over 48 months commencing October 1, 2014, with New York State receiving $124.99 and  The United States Treasury receiving $179.73 per month. |
| Class 2 – Secured Claims of County of Schenectady Long Oil Heat | unimpaired | Payment in full from infusion of capital no later than October, 2015 |
| Class 3 - General Unsecured Creditors | unimpaired | Payment of the monthly sum of $281.80 for 84 months commencing October 1, 2014 |
| Class 4 - Equity Security Holders of the Debtor | impaired | Payment into the debtor of sufficient funds to satisfy administrative and secured debt in full. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.1    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no  proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent,  or unliquidated.

    5.2    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed.

    5.3    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**B25A (Official Form 25A) (12/11) - Cont.**                                                                    4

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    <u>Assumed Executory Contracts and Unexpired Leases</u>.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan:  **None**

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan shall be implemented by the infusion of capital from the principal of the Debtor by refinancing or sale of the principal's residence and the payment of administrative and secured debt. Unsecured creditors shall be compromised and paid from the infusion of capital or  paid in full in regular monthly payments over the duration  of the Plan. The management opf the Debtor shall continue as it has in the past.

## ARTICLE VIII
## GENERAL PROVISIONS

8.1    <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.2    <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

B25A (Official Form 25A) (12/11) - Cont.                                                         5

    8.3    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.4    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.5    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06    <u>Controlling Effect</u>.   Unless a rule of law or procedure is supplied by federal law the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in  connection with this Plan.

    8.07    <u>Corporate Governance</u>.   As a small corporation with one principal, the Debtor shall be managed as it has prior to the filing of this proceeding.

# ARTICLE IX
# <u>DISCHARGE</u>

    9.01.    <u>Discharge.</u>  On the confirmation date of this Plan, the debtor will be discharged from any  debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to  the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged  of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely  complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy  Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**B25A (Official Form 25A) (12/11) - Cont.**                                                              6

Respectfully submitted,

By:   s/Lewis A. Polsinelli
        The Plan Proponent

By:   s/Richard H. Weiskopf
        Attorney for the Plan Proponent